IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARBARA BROWN :

    Plaintiff :

    v. : CIVIL ACTION NO. L-96-3450

PATRICIA MCCORMICK, *et al.*, :

    Defendants :

## ORDER

On March 8, 2000, following a five day bench trial, summary judgment was entered in favor of Plaintiff on Count I for which she was awarded $50.00 in damages, Count III for which she was awarded $1.00 in nominal damages, Counts XI-XIV for which she was awarded $7,000 in statutory damages against Defendants Universal Merchandising, M&FM, and Patchwork, Count XX for which she was awarded $7,000 in statutory damages, and Counts XXIV and XXV for which she was awarded damages of $2.35. Judgment was entered in favor of Defendant McCormick on Count II, and Judgment was entered in favor of Defendants on the remaining Counts, IX, X, and XVI-XIX. On April 23, 2001 the Fourth Circuit Court of Appeals affirmed the Court's judgment. The parties have filed Cost Bills, supplemental Cost Bills, oppositions to the cost requests, and replies thereto. The Clerk has reviewed the Bill of Costs and finds that no hearing is necessary.[1] *See* Local Rule 105.6 (D. Md.).

---

[1] In cases involving more than a single plaintiff and/or a single defendant, the Clerk will not award the same cost more than once. Generally, where multiple prevailing parties or multiple losing parties are represented by the same counsel, it is assumed they may be treated as a single entity for purposes of the Bill of Costs. The Bills of Cost submitted on behalf of The Greenwich Workshop, Inc.(Paper No. 157) and John Simpkins (Paper No. 158) on March 28, 2000 contain some of the same costs requested in Defendants March 22, 2000 Cost Bill. Duplicate cost requests will not be taxed.

Initially, Defendants assert that prior to trial, they served Offers of Judgment on Plaintiff pursuant to F.R.Civ.P. 68 in the amounts of $80,000.00, served on January 22, 1998 and $185,000.00 served on April 23, 1999. As a result, Defendants assert that Plaintiff must pay the costs incurred by Defendants after the Rule 68, F.R.Civ.P., offers.

Pursuant to F.R.Civ.P. 68, if a plaintiff rejects a defendant's formal settlement offer, and if "the judgment finally obtained by the offeree is not more favorable than the offer," the plaintiff "must pay the costs incurred after the making of the offer." The purpose of Rule 68 is to encourage the settlement of litigation by providing an incentive to settle "in those cases in which there is a strong probability that the plaintiff will obtain a judgment but the amount of the recovery is uncertain." *Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981). Rule 68 requires a prevailing plaintiff to pay the costs of litigation "in the single circumstance where the plaintiff does not accept the defendant's offer of judgment which is more favorable than the judgment the plaintiff ultimately obtains." *Johnston v. Penrod Drilling Co.*, 803 F.2d 867, 869 (5th Cir.1986). Consequently, when a plaintiff rejects a Rule 68 offer of judgment, "he will lose some of the benefits of victory if his recovery is less than the offer." *Delta*, 450 U.S. at 352.

Under Rule 68 a defendant's settlement offer must be sufficient to justify serious consideration by the plaintiff and made in good faith. See *Delta*, 450 U.S. at 349. If these conditions are met, and if the plaintiff's final recovery is less than the pre-trial offer, the plaintiff must cover the defendant's costs from the date of the offer. Fed.R.Civ.P. 68. The word "costs" under Rule 68 refers to all costs properly awardable under the relevant substantive statute or other authority. *Marek v. Chesny*, 473 U.S. 1, 9 (1985).

## DEFENDANTS' MARCH 22, 2000 BILL OF COSTS

1. Filing Fees

Defendants seek reimbursement of the $50.00 *pro hac vice* fee. *Pro hac vice* fees are considered office overhead, *i.e.*, a cost paid by an attorney to conduct business in a federal court, and shall be disallowed.

2. Transcripts

The Clerk may tax the costs of transcripts under 28 U.S.C. §1920(2) where they are necessary for the case. *See Crawford v. Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987). While the court may allow a transcription expense if the making of the transcript was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the Clerk's authority, in this district, is more limited. In this district, the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case; (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the costs of the depositions of trial witnesses. In light of the Clerk's limited authority to tax deposition costs, the undersigned will review the deposition costs requested and will award that amount of costs which are allowed within her authority as follows:[2]

---

[2] Costs attributable to postage, copies of exhibits, shipping, express mailing, ascii and condensed diskettes, *etc.*, are not allowed.

The maximum page rate at which a transcript shall be taxed is as follows unless the Court determines in advance that the rate is to be higher or the parties have agreed to a higher rate:

    Ordinary transcript (original) - $3.50 per page
    Expedited transcript (original) - $4.50 per page
    Daily transcript (original) - $5.50 per page
    Copy of Transcript - $1.25 per page

If the actual page rate is less than these amounts, the transcript shall be taxed at that rate.

3

1. Patricia McCormick - $90.00.

2. Carlos Penera - $86.25.

3. Plaintiff - $735.00.

4. Arnold Margolin - $126.25.

5. Christine Dabbs, Kelly Abbott, Cordie Gary - $185.00.

Defendants request for $3,204.25 associated with a trial transcript, condensed transcript, and computer disk are not allowable expenses. In light of the foregoing, deposition costs shall be awarded in the amount of $1,037.50.[3] While the Clerk finds that the depositions of the other individual for whom Defendants request costs not allowable within her traditional authority, they may be taxable within the broader authority exercised by the Court. Consequently, counsel is free to petition the Court for a supplement to this award of costs.[4]

3. Copywork

Historically, copy work has been viewed as general office overhead and has not been allowed by the Clerk as a reimbursable cost. *See Advance Business Systems & Supply Co. v. SCM Corp.*, 287 F. Supp. at 164. The Clerk reconsidered this position following the decision in *David Stratton v. Equitable Bank* (Civil Action No. HAR-88-1485, D.Md.), in which the Court found that "[p]hotocopying charges for pleadings are taxable only to the extent that the copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules." *Citing Sun Publishing Company, Inc. v. Mecklenburg News, Inc.*, 594 F. Supp. 1512, 1524 (E.D. Va. 1984).

---

[3] The apportionment of these costs are left to Defendants. Additionally, because the cost bills of Defendants Greenwich Workshop, Inc., and John Simpkins contain the same costs as requests in Defendants' March 22, 2000 Bill of Costs, the undersigned will not award such costs more than once.

[4] To the extent any of the depositions which have not been allowed as a taxable cost were actually introduced at trial, it is unclear from the Cost Bills which depositions were so utilized, and therefore, the Clerk cannot make an accurate assessment as to whether these depositions costs are taxable within her authority.

*See Purity Products In. v. Tropicana Products, Inc.*, (Civil Action No. H-86-2319, D.Md). In this District, the Clerk will allow reasonable copying costs, *i.e.*, up to $.15 per page, for copies of documents required to be provided to the Court or to opposing counsel. The costs of copies made for the convenience of counsel or for discovery purposes are not allowed.

A review of the requested costs reflects that not all of the requested copying costs are allowable under the Clerk's authority including unidentified copy requests labeled simply as "documents," copies made in connection with discovery, and copies for Defendants and Plaintiff's Trial Exhibits Notebooks. The amount of allowable copywork expenses through November 14, 1997 is $117.75. The amount of allowable copywork expenses from November 5, 1998 is $238.20. Accordingly, total allowable copy expenses will be awarded in the amount of $355.95.

4. <u>Witness Fees</u>.

Defendants seek $18,321.89 representing the travel and subsistence expenses. First, the undersigned notes that under the Supreme Court holding in *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, the fees paid to expert witnesses for their professional services are not allowable as costs. *Id.* at 441. The undersigned may not tax as costs fees for experts in excess of the allowable statutory fees set out under 28 U.S.C. § 1821(b).

Defendants may recover the statutory $40.00 witness fee for each day of testimony provided by a trial witness. The witnesses are also entitled to receive a mileage payment to attend the trial. In this district, the Clerk limits the mileage payment to the cost of ground transportation within the 100 mile subpoena power of the Court. *See Advance Business Systems & Supply Co.*, 287 F. Supp. 146, 164 (D.Md. 1968). Consequently, the maximum amount of mileage allowed for a witness testifying at trial in this Court is 100 miles each way at the rate of $.36.5/mile. Although the undersigned lacks the discretion to increase this allowance, the trial judge, in his discretion, may do

so. *Advance Business Systems & Supply Co., supra.* Thus, counsel may raise this issue before the Court by way of supplemental motion which sets forth any additional information in support of their request for additional costs. Reimbursement for reasonable lodging and meal expenses not to exceed a period that includes the day before and the day after the actual testimony is allowed at the governmental *per diem* rate of $152.00/day, effective October 1, 2001. *See* 28 U.S.C. § 1821 and 5 U.S.C. § 5702. Generally, if a witness testifies at trial, the prevailing party may recover as costs the fees and disbursements as to that witness. If a witness is subpoenaed to trial, but does not testify, the Clerk will not tax the fees and disbursements as to that witness.

In light of the foregoing, the witness fees for Christine Dabbs, Kelly Gallagher-Abbott, and Cordie Gary shall be allowed in the amount of $120.00. The request for costs associated with lodging/meals and transportation for Ms. McCormick and John Simpkins shall be disallowed. The expenses of litigation incurred by counsel or parties to the litigation, including travel expenses incurred in attending depositions, conferences, and trial, or expenses incurred in making investigations, will not be taxed as costs by the Clerk.

Defendants request witness fees for Carlos Penera in the amount $3,810.26 which includes lodging, airfare, and meals. Mr. Penera testified at one day of the trial. The request for expenses for this witness will be reduced to an allowable taxable cost of $529.00. The allowable amount of fees for this witness will include the $40.00 allowable statutory witness fee. Accordingly, total witness fees allowed for Mr. Panera are $569.00.[5]

Defendants request witness fees for Lawrence Weier in the amount of $2,470.17 which includes lodging, airfare, and meals. Mr. Weier testified at one day of the trial. The request for

---

[5] Incidental room charges, parking fees, ground transportation to and from the airport, and travel agency fees are not allowable expenses.

expenses for this witness will be reduced to an allowable taxable cost of $569.00 which includes the $40.00 allowable statutory witness fee.

Defendants request witness fees for Arnold Margolin in the amount of $2,104.79 which includes lodging, airfare, and meals. Mr. Margolin testified at one day of trial. Total allowable expenses for this witness are $569.00.

Defendants request witness fees for Margaret Philip in the amount of $2,366.74 which includes lodging, airfare, and meals. Ms. Philip testified at one day of the trial. Total allowable expenses for this witness are $569.00.

Defendants request witness fees for Michael Meskill in the amount of $449.00 which includes his round trip airfare. Mr. Meskill testified at one day of the trial. Total allowable expenses for this witness are $113.00.

Defendants request witness fees for Jerry Schmitz in the amount of $2,030.13 which includes his round trip airfare, meals, and lodging. Mr. Schmitz testified at one day of the trial. Total allowable expenses for this witness are $569.00.

Accordingly, total witness fees are allowed in the amount of $3,078.00.[6]

**PLAINTIFF'S MARCH 28, 2000 & APRIL 12, 2000 BILLS OF COSTS**

1. Transcripts.

Plaintiff seeks $4,146.00 in deposition cost requests. All of the requested deposition costs are for depositions taken after Defendants' offer of judgment. Accordingly, the undersigned will not

---

[6]Defendants are, of course, free to seek review of this decision pursuant to Fed. R. Civ. P. 54(d)(1). As already indicated the trial court has the discretion to award actual travel expenses beyond the 100 mile radius of its subpoena power after considering that limitation and other "special circumstances" such as the relevancy or necessity of the witnesses' testimony. *See Farmer v. Arabian Oil Co.*, 379 U.S. 227, 232 (1964); *Sperry Rand Corp. v. A-T-O, Inc.*, 58 F.R.D. 132, 136 (E.D.Va. 1973).

award this cost request.

2. Travel/Witness Expenses.

Plaintiff requests $2,646.49 for lodging/meals and transportation expenses incurred after Defendants' offer of judgment. This cost request shall be disallowed. Even had the costs arisen prior to Defendants' offer of judgment, as noted, expenses of litigation incurred by counsel or parties to the litigation, including travel expenses incurred in attending depositions, conferences, and trial, or expenses incurred in making investigations, will not be taxed as costs by the Clerk.

3. Other Miscellaneous Expense.

Plaintiff requests costs associated with postage, faxes, long distance telephone call, a registered agent information fee, video copies, a movie video, a trial exhibit, a CPA's review for trial defense financial documents, translation of a computer disc from MacIntosh to IBM, and a hand truck rental for transportation of trial exhibits. These items of ordinary office overhead are not recoverable. *See Advance Business Systems v. SCM*, 287 F. Supp. at 164; *Thomas v. Treasury Management Assoc. Inc.*, 158 F.R.D. 364, 372 (D. Md. 1994). Additionally, Plaintiff's request for a deposition fee associated with a defense expert is a non-allowable expense where the deposition is not taxed as a cost.

4. Witness Fees.

These requested costs were also incurred after Defendants' offer of judgment. Consequently, they will not be awarded.

5. Copying Costs.

The Clerk has reviewed Plaintiff's cost request for photocopying and shall disallow this item. Aside from providing a general listing of costs associated with "copies made for discovery, letters, pleadings, and other court filings", Plaintiff fails to identify what portion of such copy work was

furnished to this Court or opposing counsel pursuant to procedural rules or to provide an itemized breakdown of the copy work cost. Therefore, the undersigned cannot make a determination as to the identity and number of documents which may be taxed under the *Stratton* standard and this cost shall, therefore, not be awarded.

6. Fees of the Clerk.

Plaintiff requests reimbursement of the $120.00 filing fee. Filing fees incurred as result of filing a complaint in this Court are recoverable under 28 U.S.C. § 1920(1). This cost request shall, therefore, be awarded.

**APPEAL COSTS**

Defendants seek $922.75 associated with copying costs and the production of transcripts on appeal. Generally, if a judgment is affirmed, costs are taxed against appellant and the reporter's transcript is taxable in this Court for the benefit of the party entitled to costs under F.R.A.P. 39 where the transcript is needed to determine the appeal. Plaintiff opposes the motion on the basis that the requested costs were incurred by Defendants for the preparation and transmittal of their unsuccessful cross-appeal. Defendants maintain that the requested cost for the transcript was incurred by them as appellees for purposes of contesting Plaintiff's appeal and not in support of their cross-appeal. Given the undersigned's limited involvement in this case, her limited authority to award costs, and the dispute over the purpose of this particular cost request, the undersigned concludes that she is not in a position to make a proper award with regard to this cost request. Counsel is free, however, to petition the Court for a supplement to this cost request.

**CONCLUSION**

In accordance with the foregoing, Plaintiff is awarded costs of $120.00 and Defendants are awarded costs of $4,471.45.

A party may seek review of this decision as is provided for in Fed. R. Civ. P. 54(d)(1).

The Clerk is directed to docket this Order and mail copies to all counsel of record.

DATED this 17th day of May, 2002.

Felicia C. Cannon
Clerk,
United States District Court
    for the District of Maryland