IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BARBARA BROWN** | : | |
| | : | |
| v. | : | CIVIL NO. L-96-3450 |
| | : | |
| **PATRICIA MCCORMICK, et al.** | : | |

### ORDER

Now pending before the Court is Plaintiff's Request for a Review of the Clerk of the Court's Order Regarding Costs. As the motion has been fully briefed, the Court will dispense with a hearing. See Local Rule 106.5 (D. Md. 2001). For the reasons stated below, the Court hereby AFFIRMS and ADOPTS the Clerk of the Court's Order in its entirety; DENIES Plaintiff's Motion to Review and Revise the Clerk's Order; and DIRECTS the CLERK to CLOSE the CASE.

### Analysis

On March 8, 2000, following a five-day bench trial, judgment was entered in favor of Plaintiff on Count I for which she was awarded $50.00 in damages, Count III for which she was awarded $1.00 in nominal damages, Counts XI-XIV for which she was awarded $7,000 in statutory damages against Defendants Universal Merchandising, M&FM, and Patchwork, Count XX for which she was awarded $7,000 in statutory damages, and Counts XXIV and XXV for which she was awarded damages of $2.35. Judgment was entered in favor of Defendant McCormick on Count II, and Judgment was entered in favor of Defendants on remaining Counts IX, X, and XVI-XIX.

Prior to trial, Defendants served Offers of Judgment on Plaintiff pursuant to Federal Rule of Civil Procedure 68. On January 22, 1998, Defendants offered Plaintiff $80,000.00 and on April 23, 1999, Defendants offered Plaintiff $185,000.00. Plaintiff declined both offers. Pursuant to Rule 68, if a plaintiff rejects a defendant's formal settlement offer, and if "the judgment finally obtained by the offeree is not

more favorable than the offer," the plaintiff "must pay the costs incurred after the making of the offer." Fed. R. Civ. P. 68. As clearly explained in the Clerk's Order, the purpose of Rule 68 is to encourage the settlement of litigation by providing an incentive to settle "in those cases in which there is a strong probability that the plaintiff will obtain a judgment but the amount of the recovery is uncertain." Delta Airlines, Inc. v. August, 450 U.S. 346, 352 (1981). Under Rule 68, a defendant's settlement offer must be sufficient to justify serious consideration by the plaintiff and be made in good faith. See Delta, 450 U.S. at 349. If these conditions are met, and if the plaintiff's final recovery is less than the pre-trial offer, the plaintiff must cover the defendant's costs from the date of the offer.

The parties filed Bills of Cost, supplemental Bills of Cost, oppositions to the cost requests, and replies thereto. The Clerk reviewed all papers and issued a detailed and thorough Order on May 17, 2002. Under Rule 68, the Clerk determined that Defendants were entitled to costs. Accordingly, the Clerk awarded Plaintiff $120.00 in costs and Defendants $4,471.45 in costs. On May 24, 2002, Plaintiff filed a request for a review of the Clerk's Order.

Upon consideration of the Clerk's Order and the papers filed thereto, and after a *de novo* review of the entire matter, the Court hereby:

(i) AFFIRMS and ADOPTS the Clerk of the Court's Order in its entirety;

(ii) DENIES Plaintiff's Motion to Review and Revise the Clerk's Order; and

(iii) DIRECTS the CLERK to CLOSE the CASE.

It is so ORDERED this ___3rd___ day of March, 2003.

_____/s/_____
Benson Everett Legg
Chief Judge